JS 44C/SDNY
REV. 5/2010

**CIVIL COVER SHEET**

Judge McMahon

10 cv 3886

MAY 1 2 2010

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| ROBERT GORMAN, individually and on behalf of a class of all others similarly situated | The City of New York, et al. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Law Offices of Adam D. Perlmutter, P.C., 260 Madison Ave., Suite 1800, NY, NY 10016 - Tel: (212) 679-1990 | Adam D. Perlmutter, Esq. |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. § 1983

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ]   Judge Previously Assigned _____

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No[ ] Yes[ ]  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)         **NATURE OF SUIT**

                                                                        **ACTIONS UNDER STATUTES**

**TORTS**

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 620 OTHER FOOD & DRUG | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | | [ ] 430 BANKS & BANKING |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | | [ ] 630 LIQUOR LAWS | **PROPERTY RIGHTS** | [ ] 450 COMMERCE |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | [ ] 640 RR & TRUCK | [ ] 820 COPYRIGHTS | [ ] 460 DEPORTATION |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 650 AIRLINE REGS | [ ] 830 PATENT | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 660 OCCUPATIONAL SAFETY/HEALTH | [ ] 840 TRADEMARK | [ ] 480 CONSUMER CREDIT |
| | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 690 OTHER | **SOCIAL SECURITY** | [ ] 490 CABLE/SATELLITE TV |
| | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 SELECTIVE SERVICE |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | | | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 862 BLACK LUNG (923) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 160 STOCKHOLDERS SUITS | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 190 OTHER CONTRACT | | | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 864 SSID TITLE XVI | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | | | [ ] 865 RSI (405(g)) | [ ] 891 AGRICULTURAL ACTS |
| [ ] 196 FRANCHISE | | | [ ] 740 RAILWAY LABOR ACT | **FEDERAL TAX SUITS** | [ ] 892 ECONOMIC STABILIZATION ACT |
| | **ACTIONS UNDER STATUTES** | | [ ] 790 OTHER LABOR LITIGATION | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 893 ENVIRONMENTAL MATTERS |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 EMPL RET INC SECURITY ACT | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 894 ENERGY ALLOCATION ACT |
| **REAL PROPERTY** | [ ] 441 VOTING | [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255 | | | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 210 LAND CONDEMNATION | [ ] 442 EMPLOYMENT | | **IMMIGRATION** | | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 220 FORECLOSURE | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 530 HABEAS CORPUS | [ ] 462 NATURALIZATION APPLICATION | | |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 444 WELFARE | [ ] 535 DEATH PENALTY | | | |
| [ ] 240 TORTS TO LAND | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 540 MANDAMUS & OTHER | [ ] 463 HABEAS CORPUS- ALIEN DETAINEE | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 245 TORT PRODUCT LIABILITY | | [ ] 550 CIVIL RIGHTS | | | |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 555 PRISON CONDITION | [ ] 465 OTHER IMMIGRATION ACTIONS | | |
| | [X] 440 OTHER CIVIL RIGHTS | | | | |

Check if demanded in complaint:

[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $10,000,000    OTHER _____        JUDGE _____    DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [✓] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

| (PLACE AN x IN ONE BOX ONLY) | | | ORIGIN | | | | |
|---|---|---|---|---|---|---|---|
| ☑ 1 Original Proceeding | ☐ 2a. Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment | |
| | ☐ 2b. Removed from State Court AND at least one party is pro se. | | | | | | |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441) |
|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT | ☑ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☐ 4 DIVERSITY | |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Robert Gorman
3880 Orloff Avenue, Apartment 3E
Bronx, NY 10463

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
THE CITY OF NEW YORK, MAYOR MICHAEL BLOOMBERG, c/o Michael Cardozo, Office of the Corporation Counsel, 100 Church Street, NY, NY 1007, New York County
POLICE COMMISSIONER RAYMOND KELLY and NYPD TRANSPORTATION BUREAU CHIEF JAMES TULLER, New York Police Department, 1 Police Plaza, NY, NY 10038, New York County
POLICE OFFICER RICK WILEY, New York Police Department, 45th Precinct, 2877 Barkley Avenue, Bronx NY 10465, Bronx County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:
JOHN DOE POLICE OFFICERS 1 through 5

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☑ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE 5/12/2010   SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. 07   Yr. 1994)
Attorney Bar Code # NY 2540284

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.   MAG. ELLIS

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)



Judge McMahon

10 CIV 3886



RECEIVED MAY 12 2010 U.S.D.C. S.D.N.Y. CASHIERS

Adam D. Perlmutter, Esq.
Law Offices of Adam D. Perlmutter, P.C.
260 Madison Avenue, Suite 1800
New York, NY 10016
Tel: (212) 679-1990
Fax: (212) 679-1995
Email: adp@adplegal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT GORMAN, individually and on behalf of a class of all others similarly situated,

          Plaintiffs,

- against -

THE CITY OF NEW YORK, MAYOR MICHAEL BLOOMBERG, in his official and personal capacity, POLICE COMMISSIONER RAYMOND KELLY, in his official and personal capacity, NYPD TRANSPORTATION BUREAU CHIEF JAMES TULLER, in his official and personal capacity, POLICE OFFICER RICK WILEY, in his official and personal capacity, JOHN DOE POLICE OFFICERS 1 through 5,

          Defendants.

**JURY TRIAL DEMANDED**

**COMPLAINT**

---

Named Plaintiff Robert Gorman, by and through his attorneys, the Law Offices of Adam D. Perlmutter, P.C. and the Law Office of Zachary Margulis-Ohnuma, alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights class action in which Named Plaintiff Robert Gorman, on behalf of himself and a class of similarly situated individuals, seeks to remedy

1

the continuing violation of his rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The defendants City of New York, Mayor Michael Bloomberg, Police Commissioner Raymond Kelly and Transportation Bureau Chief James Tuller (collectively "City Defendants") maintain a pattern and practice of illegally stopping vehicles on New York City roadways for the sole purpose of administering portable field alcohol screening breath tests to the drivers without probable cause or legal basis. If the driver passes the screening test, he or she is allowed to continue along his or her way. If the driver refuses the test or fails it, he or she is arrested, the vehicle is made subject to civil forfeiture and the person is processed in court for criminal charges of driving while intoxicated ("DWI").

3. Individual NYPD Highway Patrol ("Highway Patrol") police officers engage in these unlawful stops because they are under enormous pressure to make DWI arrests. Indeed, upon information and belief, Highway Patrol officers are given numerical quotas relating to the number of arrests and/or summonses that they are required to make and/or issue over a given time period. If they fail to reach these quotas, they are penalized through threats of loss of overtime opportunities, loss of sick time, loss of vacation days, changes in shift, changes in assignment or even expulsion from the force. As Deputy Police Commissioner Paul Browne recently admitted in a statement to the press: "Police officers, like others who receive compensation, are given productivity goals and they are expected to work."[1]

4. In order to meet these "productivity goals," individual Highway Patrol officers routinely stop drivers without any reasonable suspicion, probable cause or legal basis

---

[1] This statement was made to WABC-TV, Channel 7, a local television station, and is available at: http:// abclocal.go.com/wabc/story?section=news/investigators&id=7305356.

whatsoever for the stop. These officers are aware that unjustified random motor vehicle stops are in violation of the clearly established constitutional rights of the individuals stopped. Nonetheless, Highway Patrol officers feel that they are required to make such stops to achieve the quotas set forth by supervisors, who, in turn are given goals in so-called "CompStat" meetings with top Police Department officials.

5. Upon information and belief, the defendants named herein, the commanders of the five borough Highway Patrol units, and individual highway patrol supervisors are all aware of these illegal stops. Furthermore, the illegal stops are not only an unwritten practice of the New York City Police Department Highway Patrol, but also are an official policy promulgated from the highest levels of the Police Department administration.

6. The unlawful stops are a serious infringement on the rights of those stopped. They are an invitation to abuse by individual officers, who may illegally stop drivers based on racially discriminatory criteria. They cause congestion and hazardous conditions on the roadways. They delay motorists. In extreme cases, they may lead to unnecessary violent confrontations between drivers and police officers.

7. To remedy these ongoing constitutional violations, Named Plaintiff seeks to represent a certified class for the purpose of obtaining injunctive and declaratory relief only. In particular, Named Plaintiff seeks a class-wide judgment declaring that Defendants' policies, practices, and customs described herein violate the constitutional rights of members of the class. The Named Plaintiff further requests a class-wide injunction preventing the Defendants from continuing such policies, practices and customs. In addition, Named Plaintiff seeks compensatory damages for his individual claims, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

8. This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). Named Plaintiff seeks declaratory and injunctive relief, which is authorized by 28 U.S.C. §§ 2201 and 2202.

9. The Named Plaintiff further invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367 over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federal claims and causes of action.

## VENUE

10. The Southern District of New York is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in New York County and Bronx County, among others. In addition, Defendants conduct business and maintain their principal place of business in New York County and Bronx County.

## JURY DEMAND

Named Plaintiff demands a trial by jury on each of his claims triable to a jury.

## THE PARTIES

A. **Plaintiffs**

12. Named Plaintiff Robert Gorman is a 39-year-old resident of the Bronx who was unlawfully stopped on June 1, 2007, in Bronx County.

13. Named Plaintiff Gorman seeks to bring this action as a representative of all persons that the New York City Police Department Highway Patrol illegally stopped without probable cause on New York City roadways from June 1, 2007 to the date of the filing of this complaint.

### B. Defendants

14. Defendant City of New York ("the City") is a municipal entity created and authorized under the laws of the State of New York. State law authorizes the City to maintain, govern and operate a police department, the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement and for which the City is ultimately responsible.

15. At all relevant times, defendant Michael Bloomberg was the mayor of the City of New York. He is legally responsible for the overall operation of the City of New York and each department under its jurisdiction, including the NYPD.

16. Defendant Raymond Kelley is the New York City Police Commissioner. He is legally responsible for the operations of the NYPD.

17. Defendant James Tuller is the chief of the NYPD Transportation Bureau, which oversees the NYPD Highway Patrol.

18. John Doe Police Officers 1 through 5 are the Commanding Officers of Highway Unit #1 in the Bronx, Highway Unit #2 in Brooklyn, Highway Unit #3 in Queens, Highway Unit #4 in Manhattan and Highway Unit #5 in Staten Island, respectively. They were and are responsible for all Highway Patrol activities in their respective boroughs.

19. Defendant Police Officer Rick Wiley is an NYPD officer assigned to the Highway Unit #1 command in the Bronx.

20. Each of the above defendants is sued individually and in his or her official capacity.

21. At all times mentioned in this Complaint each of the above defendants acted under the color of state law.

## CLASS ACTION ALLEGATIONS

22. Named Plaintiff brings this action on behalf of himself and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

23. This action is properly maintainable as a class action because the requirements of Rules 23(a) and 23(b) of the Federal Rules of Criminal Procedure are met, as explained in further detail below.

24. **Numerosity.** The class is so numerous that joinder of all members is impracticable. Upon information and belief, there are approximately 400 Highway Patrol officers working in the five boroughs of the City of New York. On any given shift, dozens of patrol cars make as many as twelve stops an hour. Many of these stops are unlawful. Thus, over the past three years, thousands if not millions of motorists have been unlawfully stopped by the New York City Highway Patrol.

25. **Superiority**. A class action is superior to any other method of redress because (1) many illegally stopped drivers are unaware of their constitutional rights and do not know that they are entitled to redress under 42 U.S.C. § 1983 for the illegal infringement on their Fourth Amendment rights; and (2) future members of the class are unknown at this time and therefore cannot be joined individually. As a result, there is no appropriate avenue for the protection of class members' constitutional rights other than a class action.

26. **Commonality**. The claims alleged raise questions of law and fact common to all potential class members. These legal and factual questions predominate over individual questions. The common questions include but are not limited to (1) whether the NYPD Highway Patrol maintained a policy of unlawfully stopping vehicles in order to administer field alcohol screening breath tests; (2) whether the defendants named herein encouraged, sanctioned, and failed to rectify unconstitutional stops by Highway Patrol officers acting under color of state law; and (3) whether the defendants named herein failed to adequately train, supervise, and discipline Highway Patrol officers in connection with unconstitutional stops, and whether such acts and omissions have caused constitutional violations against class members.

27. **Typicality**. Named Plaintiff Robert Gorman's claim is typical of the class he seeks to represent in that he alleges that his constitutional rights were infringed as a result of an unconstitutional stop by the New York City Highway Patrol in the absence of probable cause to make the stop. The legal theories under which Named Plaintiff seeks relief are the same as those on which all members of the class will rely and the harm he suffered as a result of the unlawful stop is typical of the harms suffered by the members of the class. Moreover, Named Plaintiff continues to drive on the roadways of New York City. So long as the City maintains its unlawful policy of stopping drivers to administer field alcohol screening breath test, Named Plaintiff remains at risk to suffer the same harm again.

28. **Adequacy**. Named Plaintiff will fairly and adequately protect the interests of other class members. Named Plaintiff's counsel includes the Law Offices of Adam D. Perlmutter, P.C. and the Law Office of Zachary Margulis-Ohnuma. Adam Perlmutter, Esq. is one of New York City's leading attorneys who focuses on defending cases

of driving while intoxicated. He has lectured on DWI penalties and pleas for the New York State Bar Association. Mr. Perlmutter is also a member of the National College for DUI Defense and has experience in litigating civil rights cases. Zachary Margulis-Ohnuma, Esq. is an attorney experienced in constitutional civil rights trials who has defended class actions in the past. Together, they have more than 27 years of experience investigating, preparing and trying cases. Moreover, they are committed to investing the necessary resources to resolve this case.

29.     This action is properly maintainable as a class action under Rule 23(b)(1) of the Federal Rules of Civil Procedures because prosecuting separate actions by or against individual class members would create a risk of (a) inconsistent or varying adjudications that would establish incompatible standards of conduct for the party opposing the class and (b) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

30.     This action is properly maintainable as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Named Plaintiff and the class as a whole. The class members are entitled to injunctive relief to end Defendants' policy, practice and custom of unconstitutional automobile stops.